

IN THE
TENTH COURT OF APPEALS

No. 10-15-00081-CV

IN THE INTERESTOF Z.H., J.H., AND K.H., CHILDREN

From the 74th District Court
McLennan County, Texas
Trial Court No. 2013-2606-3

MEMORANDUM OPINION

After Appellant's parental rights to his children Z.H., J.H., and K.H. were terminated following a bench trial,[1] Appellant's appointed appellate counsel filed a notice of appeal.[2] Appellant's counsel has now filed an *Anders* brief and a motion to withdraw. Counsel asserts that she has diligently reviewed the record and that, in her opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18

---

[1] Appellant's rights were terminated under Family Code sections 161.001(1)(D), 161.001(1)(E), and 161.001(1)(O).

[2] The parental rights of D.S., the children's mother, were also terminated, but she has not appealed. Also, she did not appear at trial.

L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeal).

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that she has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Appellant; and (3) provided Appellant with a copy of the record and informed him of his right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 409 n.23. Appellant did not file a pro se response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the trial court's order of termination.

In accordance with *Anders*, counsel has filed a motion to withdraw. We grant counsel's motion to withdraw.[3] Within five days of the date of this Court's opinion and judgment, counsel is ordered to send a copy of the opinion and judgment to Appellant and to advise Appellant of his right to pursue a petition for review in the Texas Supreme Court.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 25, 2015
[CV06]



---

[3] Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure 53.2. *See id.* at R. 53.2.